UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENAO GABINO,

                        Plaintiff,

                -against-

ELVIS RUIZ JR; KENNETH STUKES, ROBINS COLLINS; TAMARA FEE; SHARON FORBES; EUGENIO OLIVA; AVI TROPE; CITY OF NEW YORK

                        Defendants.

24-cv-2077 (LJL)

ORDER OF SERVICE

---

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his detention on Rikers Island. Named as Defendants are the City of New York, Warden Robin Collins, Captain Elvis Ruiz, Jr., Captain Kenneth Stukes, Deputy Tamara Fee, Dr. Eugenio Oliva, Administrator Avi Trope, and two John Doe correction officers. Plaintiff also refers to an Officer McMillian as a defendant in the body of the complaint. By order dated March 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    As set forth below, the Court (1) adds as a defendant Officer McMillian under Rule 21 of the Federal Rules of Civil Procedure; (2) asks the New York City Department of Correction ("DOC") Defendants to waive service of summons; (3) directs the Clerk of Court to effect

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

service of the summons and complaint on Defendant Sharon Forbes; (4) asks the DOC to identify the two John Doe correction officers; and (5) applies Local Civil Rule 33.2 to the action.

## DISCUSSION

**A.     McMillian is Added as a Defendant**

Plaintiff refers to Officer McMillian in the complaint as a defendant. (*See* ECF 1 ¶ 30.) In light of Plaintiff's *pro se* status, and apparent intention to name as a defendant Officer McMillian, the Court directs the Clerk of Court to add this individual as a defendant under Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Officer McMillian may wish to assert.

**B.     Waiver of Service of Summons**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York, Warden Robin Collins, Captain Elvis Ruiz, Jr., Captain Kenneth Stukes, Deputy Tamara Fee, Dr. Eugenio Oliva, Administrator Avi Trope, and Officer McMillian waive service of summons.

**C.     Order of Service on Sharon Forbes**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Sharon Forbes through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## D.    Unidentified John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the two John Doe correction officers. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of two John Doe officers whom Plaintiff seeks to sue here and note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must notify the Court that the newly named John Doe defendants should be added to the caption of this action and an order asking these Defendants to waive service must be issued.

E.     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court directs the Clerk of Court to add Officer McMillian as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York, Warden Robin Collins, Captain Elvis Ruiz, Jr., Captain Kenneth Stukes, Deputy Tamara Fee, Dr. Eugenio Oliva, Administrator Avi Trope, and Officer McMillian waive service of summons.

The Clerk of Court is further instructed to issue a summons for Sharon Forbes, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated: April 3, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge

5

**DEFENDANT AND SERVICE ADDRESS**

Sharon Forbes, Claims Specialist
New York City Comptroller's Office
One Centre Street
New York, NY 10007